# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **CLINTON BURNS** | **CIVIL ACTION NO. 12-1431-P** |
| **VERSUS** | **JUDGE STAGG** |
| **RICARDO MARTINEZ** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for a writ of habeas corpus filed by pro se petitioner Clinton Burns, pursuant to 28 U.S.C. § 2241. This petition was received and filed in this court on May 30, 2012. Petitioner is incarcerated at USP-Pollock in Pollock, Louisiana. He names Ricardo Martinez as respondent.

In 1995, Petitioner was convicted of one count of conspiracy to possess with intent to distribute cocaine base and two counts of possession with intent to distribute cocaine base in the United States District Court for the Southern District of Florida. Subsequently, he was sentenced to life imprisonment. Petitioner filed a Section 2255 motion which was denied by the United States District Court for the Southern District of Florida on October 15, 1998. Petitioner contends he is being illegally detained because the indictment did not set forth each essential element of the charged crimes. He further contends that the court, counsel and

AUSA failed to notice this fatal flaw during his sentencing phase.

For the reasons that follow, Burns's petition should be dismissed without prejudice for failure to obtain prior authorization from the United States Court of Appeals for the Eleventh Circuit as set forth under Sections 2255 and 2244.

## LAW AND ANALYSIS

Petitioner expressly files this action as a habeas corpus petition under 28 U.S.C. § 2241. However, he seeks to have his sentences vacated and set aside. The undersigned is concerned that Petitioner filed this petition under Section 2241 to circumvent the consequences of 28 U.S.C. § 2244(a) which precludes Petitioner from filing a successive motion to vacate without obtaining prior authorization from the Eleventh Circuit.[1]

Section 2241 is the proper vehicle used to attack the manner in which a sentence is being executed, and Section 2255 is the proper means of attacking errors that occurred during or before sentencing.[2] Ojo v. INS, 106 F.2d 680, 683 (5th Cir.1997).

---

[1] 28 U.S.C. § 2255, provides in pertinent part, "A second or successive must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . ."

[2] This court is not the proper forum for such a claim inasmuch as a Section 2255 motion should be filed in the court where the criminal conviction and sentence were imposed. A motion to vacate sentence is ordinarily presented to the judge who presided at the original conviction and sentencing. Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). 28 U.S.C. §2255 provides, in pertinent part,
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. (emphasis added).

Petitioner's claim for habeas corpus relief rests entirely upon the premise that his convictions and sentences are invalid. The petition is devoid of any claim solely directed to the manner in which the sentences are being executed. He expressly seeks that his convictions and sentences be vacated and set aside as a result of events which occurred prior to and during his trial and sentencing hearings.

"A petition under § 2241 attacking custody resulting from a federally imposed sentence may be entertained only where the petitioner establishes that the remedy provided for under [28 U.S.C.] §2255 is 'inadequate or ineffective to test the legality of his detention.'" Cox v. Warden, Federal Detention Center, 911 F.2d 1111 (5th Cir. 1990) citing McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A Petitioner who wishes to proceed under § 2255(e)'s saving clause must establish that his claim "is based on a retroactively applicable Supreme Court decision which established that the petitioner may have been convicted of a nonexistent offense" and that the claim "was foreclosed by circuit law at the time when the claims should have been raised." Reyes v.Requena, 243 F.3d. At 904.

Petitioner has not made any allegations which would lead this court to conclude that the remedy under Section 2255 is an inadequate or ineffective means for challenging his detention. Petitioner bases his claim that the remedy under Section 2255 is an inadequate or ineffective means for challenging his detention on DePierre V. United States, 131 S.Ct. 2225, 180 L.Ed.2d 114 (2011). In DePierre, the Supreme Court held that the term "cocaine

base" as used in 21 U.S.C. § 841(b)(1)(A)(iii) means cocaine in its chemically basic form, not exclusively "crack cocaine." Id. at 2231. DePierre did not decriminalize Petitioner's criminal conduct and has not been held to be retroactively applicable. The only other basis for such a conclusion would be that Petitioner has already filed an unsuccessful Section 2255 motion. However, the Fifth Circuit has recently held that "a prior unsuccessful §2255 motion, or the inability to meet the AEDPA's second or successive requirement, does not make §2255 inadequate or ineffective." Jeffers v. Chandler, 234 F.3d 277, 280 (5th Cir. 2000); Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Thus, the undersigned is unwilling to find that the remedy afforded under Section 2255 is inadequate or ineffective to test the legality of Petitioner's custody or that this court may properly entertain the present application under Section 2241.

Accordingly,

It is recommended this suit be dismissed without prejudice for failure to obtain prior authorization from the United States Court of Appeals for the Eleventh Circuit as set forth under Sections 2255 and 2244.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** in Chambers at Shreveport, Louisiana, this 22nd day of July 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE